HARDY, Judge.
This action was instituted by plaintiff, Fred M. Roberson, praying for a dissolution of his alleged partnership with the defendant, William B. .Smith, and the operation of the business known as Smith’s Pharmacy; for an accounting and settlement of all partnership affairs, and other appropriate relief. From a judgment rejecting plaintiff’s demands he prosecutes this appeal.
As stated by the District Judge in his written opinion the issue presented is purely factual and concerns the nature of the relationship existing between the parties, plaintiff contending that the same constituted a partnership and defendant urging that it was strictly a contract of employment.
Certain material facts were established without dispute, namely, that sometime in the year 1952 the defendant, William B. Smith, was the owner and operator of a business known as Smith’s Pharmacy and was in need of the services of a registered pharmacist, since he was not qualified in this respect; that plaintiff, Fred M. Roberson, who possessed the necessary qualifications and who had been practicing as a sort of itinerant employee in numerous localities for comparatively short periods of time, was engaged by defendant as a pharmacist and remained so employed until discharged sometime during the year 1960, allegedly because of intemperance which seriously interfered with the performance of his duties.
As above noted the factual issue involves the nature and effect of the agreement between the parties. The determination of this issue, .in the instant case, is largely dependent upon the testimony of the parties litigant, which, unfortunately, is irreconcilable.
Certain terms of the agreement were established on trial; that both Roberson and Smith were entitled to receive a drawing account of $75 per week and at the end of each month to divide equally the cash profits from the operation of the drug store, or pharmacy, over and above expenses. No inventory of fixed assets or stock on hand was made at the time of the initiation of this agreement. Defendant testified that the verbal agreement with Roberson constituted a simple contract of employment; that at the time he was not *476 in a position to offer a fixed salary, and, accordingly, the agreement as to an equal division of profits in lieu of salary was arranged. Plaintiff urges, largely relying upon the inferences to be drawn from joint income tax reports, insurance policies and other records, that by reason of the initial agreement he became a full partner and owner of an undivided one-half interest in the business.
The opinion of the district court plainly' reflects the controlling issue as being a determination of credibility, and for the reasons which he carefully set forth the court believed the testimony of defendant, disbelieved that of plaintiff, and thus resolved his conclusion.
Our careful examination of the record has failed to reveal any error in the conclusion reached by the trial judge, and, indeed, has served to convince us of the correctness thereof.
Accordingly, the judgment appealed from is affirmed at appellant’s cost.